MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
  jnadolenco@mayerbrown.com
DANIEL QUEEN (SBN 292275)
  dqueen@mayerbrown.com
350 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Attorneys for Defendant
3M Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN STATE WATER COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>3M COMPANY (f/k/a Minnesota Mining and Manufacturing, Co.), E.I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, CORTEVA, INC., DUPONT DE NEMOURS, INC.; AND JOHN DOE DEFENDANTS 1-49,<br><br>Defendants. | Case No. 2:20-cv-08897-SVW (ASx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT 3M COMPANY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: March 1, 2021<br>Time: 1:30 P.M.<br>Courtroom: 10A<br><br>Honorable Stephen V. Wilson<br><br>Action filed: September 29, 2020 |

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

ARGUMENT ........................................................................................................ 1

    I.    The Court Lacks General Jurisdiction Over 3M ............................. 2

    II.   The Court Does Not Have Specific Jurisdiction Over 3M, Either ... 3

CONCLUSION .................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AM Trust v. UBS AG*,
  681 Fed. App'x 587 (9th Cir. 2017)...................................................................3

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017).............................................................................4

*BNSF Railway Co. v. Tyrrell*,
  137 S. Ct. 1549 (2017) ...............................................................................1, 2, 3

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008)..............................................................................2

*Bristol-Myers Squibb Co. v. Sup. Ct.*,
  1 Cal. 5th 783, 798 (Cal. 2016) ..........................................................................3

*Bristol-Myers Squibb Co. v. Superior Court*,
  137 S. Ct. 1773 (2017) ...............................................................................*passim*

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ..................................................................................1, 2, 3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ............................................................................................5

*LegalForce RAPC Worldwide P.C. v. Glotrade*,
  2019 WL 5423463 (N.D. Cal. Oct. 23, 2019).....................................................5

*Menken v. Emm*,
  503 F.3d 1050 (9th Cir. 2007).............................................................................4

*Morrill v. Scott Fin. Corp.*,
  873 F.3d 1136 (9th Cir. 2017).............................................................................4

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015).............................................................................3

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007)................................................................................2

*Walden v. Fiore*,
 571 U.S. 277 (2014) ..................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1

# INTRODUCTION

The Court should dismiss Defendant 3M Company ("3M") from this case for lack of personal jurisdiction. As explained below, the Supreme Court's decisions in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), and *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549 (2017), make clear that 3M—which is neither incorporated nor maintains its principal place of business in California[1]—is not subject to general personal jurisdiction in California. Moreover, the Supreme Court's decisions in *Walden v. Fiore*, 571 U.S. 277 (2014), and *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), make clear that this Court lacks specific personal jurisdiction over 3M because Plaintiff has not alleged any facts to establish that its claims arise from any conduct by 3M in California. Because Plaintiff has not alleged any facts to establish a basis for this Court to exercise general or specific personal jurisdiction over 3M, as a threshold matter, all claims against 3M should be dismissed for lack of personal jurisdiction.[2]

# ARGUMENT

Courts recognize two types of personal jurisdiction: general and specific. General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit." *Walden*, 571 U.S. at 283 n.6. Specific jurisdiction, on the other hand, is based on a connection "'between the forum and the underlying controversy.'" *Id.* Thus, "[i]n order for a state court to exercise specific jurisdiction, the ***suit*** must aris[e] out of or relat[e] to the defendant's contacts with the ***forum***." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (emphasis in original; citations and internal quotation marks omitted).

---

[1] Plaintiff Golden State Water Company's Complaint for Damages and Other Relief, Dkt. No. 1 ("Complaint" or "Compl.") ¶ 11.

[2] In the alternative, 3M also moves for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). 3M's arguments in support of that motion are made in the Defendants' Joint Memorandum of Points and Authorities in Support of their Motions to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Where a defendant "mo[ves] to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008), *cert. denied*, 555 U.S. 1171 (2009). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

Plaintiff's Complaint makes a series of conclusory and general allegations about 3M's purported connection to California—including, for example, that 3M "does business" in California and that it "is a corporation or other business that has sufficient minimum contacts in California or otherwise intentionally avails or availed itself of the California market . . . ." Compl. ¶¶ 12, 22. But Plaintiff's allegations are insufficient to establish a basis for the assertion of either general or specific jurisdiction over 3M.

## I. The Court Lacks General Jurisdiction Over 3M.

The Complaint appears to suggest that the Court may exercise general jurisdiction over 3M because it "does business" in California and is "registered" to do so. *Id.* ¶ 12. Plaintiff also alleges "on information and belief" that 3M either distributes or sells PFOA and/or PFOS products in California or has "a manufacturing, distribution or other facility located in California so as to render the exercise of jurisdiction over it by the courts in this State consistent with traditional notions of fair play and substantial justice." *Id.* ¶ 22.

As the Supreme Court's decisions in *Daimler* and *Tyrrell* make plain, none of this alleged conduct is sufficient to subject 3M to the general jurisdiction of California courts. Indeed, in *Daimler*, the Supreme Court expressly rejected "the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business,'" holding that "[t]hat formulation . . . is unacceptably grasping." 571 U.S. at 138 (citation omitted). Rather, to be subject to general jurisdiction, a corporation's affiliations with the

forum state must be "so constant and pervasive 'as to render [it] essentially at home'" in that state. *Id.* at 122 (citation omitted); *accord Tyrrell*, 137 S. Ct. at 1552-53. Furthermore, as the Court explained in *Daimler*, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose [general] jurisdiction there." 571 U.S. at 137. With respect to a corporation, the "paradig[m] . . . bases for general jurisdiction" are its "place of incorporation and principal place of business." *Id.* (citation omitted); *accord Tyrrell*, 137 S. Ct. at 1558; *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015). "Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable." *Daimler*, 571 U.S. at 137.[3]

Here, Plaintiff does not—and cannot—allege that 3M is incorporated in California or that 3M has its principal place of business here. Rather, Plaintiff admits that 3M is a Delaware corporation and maintains its principal place of business in St. Paul, Minnesota. Compl. ¶ 11. Accordingly, *Daimler* and *Tyrrell* foreclose the assertion of general jurisdiction over 3M in California.

## II. The Court Does Not Have Specific Jurisdiction Over 3M, Either.

Because 3M is not subject to general jurisdiction in California, Plaintiff must demonstrate that 3M is subject to specific jurisdiction here—but it fails to do so.

"For a State to exercise [specific] jurisdiction consistent with due process, the defendant's **suit-related conduct** must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284 (emphasis added); *accord Bristol-Myers Squibb*, 137 S. Ct. at 1780 ("In order for a state to exercise specific jurisdiction, the

---

[3] The mere fact that 3M has "registered to do business in California" (Compl. ¶ 12), as it is statutorily required to do, is insufficient to render 3M "essentially at home" in California such that general jurisdiction exists. *See, e.g.*, *AM Trust v. UBS AG*, 681 Fed. App'x 587, 588-89 (9th Cir. 2017) ("California does not require corporations to consent to general personal jurisdiction in that state when they designate an agent for service of process or register to do business."); *Bristol-Myers Squibb Co. v. Sup. Ct.*, 1 Cal. 5th 783, 798 (Cal. 2016), *overruled on other grounds*, 137 S. Ct. 1773 (fact that a foreign corporation "registered to do business in California and has maintained an agent for service of process here" is "insufficient to permit general jurisdiction").

*suit* must aris[e] out of or relat[e] to the defendant's contacts with the ***forum***") (emphasis in original; citations and internal quotation marks omitted); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (citing, respectively, *Bristol-Myers Squibb* and *Walden* for these same principles). "[T]he relationship between the nonresident defendant, the forum, and the litigation 'must arise out of contacts that the 'defendant *himself*' creates with the forum state.'" *Axiom*, 874 F.3d at 1068 (quoting *Walden*, 134 S.Ct. at 1122) (emphasis added by the Supreme Court in original). Thus, as the Ninth Circuit has explained, a plaintiff must, at a minimum, "show that he would not have suffered an injury *'but for'* [the defendant's] forum-related conduct." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (emphasis added); *see also, e.g.*, *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1151 (9th Cir. 2017) (applying "but for" test to analyze whether claim arises from or relates to the defendant's activities in the forum).

Here, Plaintiff does not allege a single fact showing that its claims arise from 3M's alleged conduct in California. For instance, the "Jurisdiction and Venue" portion of the Complaint speculates "on information and belief" that "the Defendants" either operate a facility in California or sell PFOA or PFOS-containing products in California. Compl. ¶ 22. Plaintiff cannot satisfy the due process requirements for personal jurisdiction by lumping together allegations against "the Defendants," as the requirements for personal jurisdiction "must be met as to ***each*** defendant." *Bristol-Myers Squibb*, 137 S. Ct. at 1783 (emphasis added, citation omitted); *Walden*, 571 U.S. at 282. But even if this sort of allegation had any weight, it still would be insufficient to establish personal jurisdiction over 3M because Plaintiff never alleges that the alleged contamination of its water system arose from the purported operation of any California facilities by 3M or any sale by 3M of PFOA or PFOS in California. Similarly, Plaintiff states that 3M "shipped PFAS to manufacturers . . . throughout the United States, including California" (*id.* ¶ 53),

but, again, Plaintiff never alleges that its alleged injury arises from any sales of PFAS by 3M in California.

Thus, Plaintiff's allegations do not establish that its purported injury arose from and would not have occurred "but for" 3M's supposed business activities in California. *See, e.g.*, *LegalForce RAPC Worldwide P.C. v. Glotrade*, 2019 WL 5423463, at *5 (N.D. Cal. Oct. 23, 2019) (advertisement of services to California consumers is insufficient to establish personal jurisdiction where plaintiff's claims did not arise from those advertisements); *cf. Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 930 n.6 (2011) ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales"). Whether or not 3M could be deemed to have engaged in "purposeful" conduct in California with respect to *other* plaintiffs' claims—PFAS-related or otherwise—is beside the point. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781 ("The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims.") (emphasis in original).

The allegation that Plaintiff suffered injury in California (Compl. ¶ 223) likewise is not enough to permit the exercise of specific jurisdiction over 3M, for as the Supreme Court also has "made clear," a "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290; *accord Bristol-Myers Squibb*, 137 S. Ct. at 1781-82 (explaining that in *Walden*, "[w]e held that the Nevada courts lacked specific jurisdiction even though the plaintiffs were Nevada residents and 'suffered foreseeable harm in Nevada' . . . [b]ecause the 'relevant conduct'"—*i.e.*, the defendants' conduct—"'occurred entirely in Georgi[a]'").

*Walden* and *Bristol-Myers Squibb* thus make plain that there is no basis for the exercise of specific jurisdiction over 3M in this case. Plaintiff has not pled any facts to show that there was any "suit-related conduct" by 3M that "create[d] a

5

substantial connection with the forum State" (*Walden*, 571 U.S. at 284) or that their claims in this case arise out of 3M's "contacts with the ***forum***," *i.e.*, California. *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (emphasis in original). Accordingly, the assertion of specific jurisdiction over 3M with respect to Plaintiff's claims in this case would violate due process.

## CONCLUSION

For the foregoing reasons, this Court should dismiss all claims against 3M for lack of personal jurisdiction.

Dated: November 20, 2020

Respectfully submitted,

MAYER BROWN LLP

By: /s/ John Nadolenco
John Nadolenco

Attorneys for Defendant 3M Company