Paul D. Murphy (State Bar No. 159556)
Nicole M. Ambrosetti (State Bar No. 295972)
MURPHY ROSEN LLP
100 Wilshire Boulevard, Suite 1300
Santa Monica, California 90401-1142
Telephone:  (310) 899-3300
Facsimile: (310) 399-7201
pmurphy@murphyrosen.com
nambrosetti@murphyrosen.com

John S. Phillips (*admitted pro hac vice*)
Katherine L.I. Hacker (*admitted pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta St., Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140
john.phillips@bartlitbeck.com
kat.hacker@bartlitbeck.com

Katharine A. Roin (*admitted pro hac vice*)
BARTLIT BECK LLP
54 W. Hubbard St., Suite 300
Chicago, IL 60654
Telephone: (312) 494-4473
Facsimile: (312) 494-4440
kate.roin@bartlitbeck.com

Attorneys for Defendants DuPont de Nemours, Inc.
and Corteva, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN STATE WATER COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>3M COMPANY (f/k/a Minnesota Mining and Manufacturing, Co.), E.I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, CORTEVA, INC., DUPONT DE NEMOURS, INC.; AND JOHN DOE DEFENDANTS 1-49,<br><br>Defendants | CASE NO. 2:20-cv-08897-SVW-AS<br><br>**DEFENDANTS CORTEVA, INC. AND DU PONT DE NEMOURS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP RULE 12(B)(2); AFFIDAVITS OF ROBIN ERLENBAUGH AND CALISSA BROWN**<br><br>Date:    March 1, 2021<br>Time:    1:30 p.m.<br>Judge:   Hon. Stephen V. Wilson<br>Crtrm:   10A (First St. Courthouse) |

**TO THE COURT, THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 1, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10A of the United States District Court for the Central District of California, First Street Courthouse, located at 350 W. First Street, Los Angeles, California 90012, Defendants Corteva, Inc. and DuPont de Nemours, Inc. ("Defendants") will bring on for hearing this Motion to Dismiss the Complaint (the "Motion").

Defendants' Motion is brought under Rule 12(b)(2) of the Federal Rules of Civil Procedure on the grounds that this Court lacks personal jurisdiction over Defendants respecting the claims alleged.

The Motion is based on this Notice, the accompanying Memoranda of Points and Authorities, the Affidavits of Robin Erlenbaugh and Calissa Brown, the [Proposed] Order filed herewith, the pleadings on file in this case, and such other evidence and oral argument as the Court may consider.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 13 and 17, 2020.

If the Court denies this motion, all defendants in suit are concurrently filing an in the alternative omnibus Memorandum of Points and Authorities with common arguments under Fed. R. Civ. P. 12(b)(6).


DATED: November 20, 2020               Respectfully submitted,

                                       MURPHY ROSEN LLP


                                       By: /s/ Paul D. Murphy
                                           Paul D. Murphy
                                           Nicole M. Ambrosetti
                                           Attorneys for the Defendants
                                           Corteva, Inc. and DuPont de
                                           Nemours, Inc.

*PRINTED ON RECYCLED PAPER*

1

## TABLE OF CONTENTS

2  BACKGROUND ................................................................................6

3  ARGUMENT......................................................................................8

4  I.   This Court Lacks Personal Jurisdiction over Corteva and New DuPont ..........9

5        A.  This Court Lacks General Jurisdiction over Corteva and New DuPont

6            10

7        B.  This Court Also Lacks Specific Jurisdiction over Corteva and New

8            DuPont.................................................................................13

9  CONCLUSION.................................................................................15

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON RECYCLED PAPER
*Defendants Corteva, Inc. and Du Pont De Nemours, Inc.'s Motion to Dismiss*

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*AM Trust v. UBS AG*,
4
    681 F. App'x 587 (9th Cir. 2017)......................................................11

5

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
6
    874 F.3d 1064 (9th Cir. 2017).......................................................10

7

*BNSF Ry. Co. v. Tyrell*,
8
    137 S. Ct. 1549 (2017) ...........................................................10, 11

9

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*,
10
    1 Cal. 5th 783 (2016), *overruled on other grounds*, 137 S. Ct. 1773 (2017)..11

11

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*,
12
    137 S. Ct. 1773 (2017) ..............................................................9, 11

13

*Cargill Int'l S.A. v. M/T Pavel Dybenko*,
14
    991 F.2d 1012 (2d Cir. 1993) ........................................................12

15

*Corcoran v. CVS Health Corp.*,
16
    169 F. Supp. 3d 970 (N.D. Cal. 2016) ................................11, 13, 14

17

*Daimler AG v. Bauman*,
18
    571 U.S. 117 (2014) .................................................................9, 10

19

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
20
    466 U.S. 408 (1984) .........................................................................8

21

*LegalForce RAPC Worldwide P.C. v. Glotrade*,
22
    Case No. 19-CV-01538-LHK, 2019 WL 5423463 (N.D. Cal. Oct. 23, 2019)13

23

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
24
    647 F.3d 1218 (9th Cir. 2011).......................................................10

25

*Menken v. Emm*,
26
    503 F.3d 1050 (9th Cir. 2007)........................................................13

27

28

*PRINTED ON RECYCLED PAPER*

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    243 F. Supp. 2d 1073 (C.D. Cal. 2003).......................................................12

*Morrill v. Scott Fin. Corp.*,
    873 F.3d 1136 (9th Cir. 2017)...................................................................13

*Ranza v. Nike, Inc.*,
    793 F.3d 1059 (9th Cir. 2015)...................................................................10

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ................................................................. 9, 11

*Voodoo SAS v. SayGames LLC*,
    Case No. 19-cv-07480-BLF, 2020 WL 3791657 (N.D. Cal. July 7, 2020) ....13

*Walden v. Fiore*,
    571 US. 277 (2014) ..................................................................................8

*Weirton Area Water Bd. v. 3M Company, et al.*,
    5:20-CV-102 (N.D. W. Va. Nov. 20, 2020)...................................................6

**Rules**

Fed. R. Civ. P. 12(b)(2) ..............................................................................6, 8

PRINTED ON RECYCLED PAPER
*Defendants Corteva, Inc. and Du Pont De Nemours, Inc.'s Motion to Dismiss*

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Corteva, Inc. ("Corteva") and DuPont de Nemours, Inc. ("New DuPont") respectfully request that the Court dismiss this case for lack of personal jurisdiction.

Neither Corteva nor New DuPont has a constant and pervasive presence that provides general jurisdiction in California. In addition, as the complaint makes clear, neither Corteva nor New DuPont *even existed* at the time of the alleged acts that gave rise to the claims, nor does Plaintiff allege that any of Corteva's or New DuPont's actions in the complaint took place in California. Therefore, there is no connection between the Plaintiff's claims and any contacts Corteva or New DuPont might have to this forum. As the Court does not have general or specific jurisdiction over either company, all claims against them should be dismissed.[1]

## BACKGROUND

Plaintiff filed this lawsuit on September 28, 2020, alleging damages as a result of contamination by perfluorooctanoic acid ("PFOA") and perfluorooctanesulfonic acid ("PFOS"). (*See* Complaint ("Compl.") ¶ 4.) The entire alleged basis for exercising personal jurisdiction over Corteva and New DuPont is based on general conclusory statements. (*Id.* ¶ 18 ("New DuPont does business throughout the United States, including conducting business in California"); *id.* ¶ 20 ("Corteva does business throughout the United States, including conducting business in California"); *id.* ¶ 22 ("[E]ach is a corporation or other business that has sufficient minimum contacts in California or otherwise intentionally avails or availed itself of the California market.").)

---

[1] In a similar action pending in the Northern District of West Virginia, the Court dismissed all claims against Corteva and New DuPont for lack of personal jurisdiction.  *See* Order Granting Motion to Dismiss by Defendants Corteva, Inc. and DuPont de Nemours, Inc., ECF No. 234, *Weirton Area Water Bd. v. 3M Company, et al.*, 5:20-CV-102 (N.D. W. Va. Nov. 20, 2020).

*Defendants Corteva, Inc. and Du Pont De Nemours, Inc.'s Motion to Dismiss*

1  Plaintiff's allegations never connect the alleged harm from PFOA or PFOS
2  to any actions that Corteva or New DuPont took *in* California. Nor can they.
3  Corteva and New DuPont have never designed, manufactured, marketed, or sold
4  any PFOA or PFOS anywhere, ever.

5  The DuPont entity at the heart of the main environmental claims in these
6  cases is E. I. du Pont de Nemours and Company ("Historic DuPont"). Historic
7  DuPont was founded in 1802 and still operates today. Of critical importance to
8  this motion, Historic DuPont spun off its performance chemicals business into
9  The Chemours Company ("Chemours") in July 2015. (*Id.* ¶ 128.) The
10 performance chemicals business that Historic DuPont transferred to Chemours in
11 2015 included the fluoroproducts division that was responsible for the activities
12 complained of in this case. (*Id.*) Chemours took both the performance chemicals
13 assets and the associated liabilities. (*Id.* ¶ 15.) In addition, even according to the
14 Plaintiff, Historic DuPont phased out its manufacture and use of PFOA by
15 2015—*before* the separation of Chemours. (*Id.* ¶ 57 ("Old DuPont continued to
16 manufacture, use, distribute and sell PFAS until its phase-out in 2015.").)

17 Corteva and New DuPont were not formed until after Historic DuPont
18 separated its performance chemicals business into Chemours and after Historic
19 DuPont phased out any use or manufacture of PFAS. Corteva was created just
20 two years ago in 2018. (Ex. A (Aff. of Robin Erlenbaugh) ¶ 5.) And Corteva did
21 not become Historic DuPont's parent until 2019. (Compl. ¶ 192.) New DuPont
22 was originally formed in December 2015 under a different name and renamed
23 DuPont de Nemours, Inc. in 2019. (Ex. B (Aff. of Calissa Brown) ¶ 5.)

24 Plaintiff's sole basis for naming Corteva and New DuPont in these cases is
25 a claim that the companies assumed Historic DuPont's liabilities related to the
26 underlying environmental claims. Corteva and New DuPont disagree with
27 Plaintiff's assertion, but that is a dispute for another day. Even if true, it would
28 not matter for the purposes of this motion. Here Plaintiff must clear the hurdle of

-7-
*Defendants Corteva, Inc. and Du Pont De Nemours, Inc.'s Motion to Dismiss*

personal jurisdiction for Corteva and New DuPont to bring these cases against them in California. *See Walden v. Fiore*, 571 US. 277, 286 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, . . . ."); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").

## ARGUMENT

This Court lacks personal jurisdiction over Corteva and New DuPont. *See* Fed. R. Civ. P. 12(b)(2). Plaintiff's complaint is devoid of allegations sufficient to demonstrate jurisdiction over Corteva and New DuPont—and no such allegations could be made in any event. Corteva and New DuPont both are incorporated in and have their principal places of business in Delaware. Neither Corteva nor New DuPont has contacts that are so constant and pervasive in California as to render them essentially at home. Therefore, this Court cannot exercise general jurisdiction over Corteva and New DuPont.

In addition, as the complaint acknowledges, Corteva and New DuPont *did not exist* at the time of any alleged wrongful acts. Corteva and New DuPont were not formed until after Historic DuPont transferred its performance chemicals business to Chemours and phased out its use or manufacture of PFAS entirely. Corteva and New DuPont have never designed, manufactured, marketed, or sold any PFAS. Nor does the complaint allege that Corteva and New DuPont directed *any* actions related to the claims towards California. Therefore, Corteva and New DuPont have not had—and plaintiff has not pled—continuous and systematic contacts in California related to PFAS that would allow this Court to exercise specific jurisdiction over Corteva and New DuPont.

*PRINTED ON RECYCLED PAPER*
*Defendants Corteva, Inc. and Du Pont De Nemours, Inc.'s Motion to Dismiss*

1

**I.      This Court Lacks Personal Jurisdiction over Corteva and New**

2

**DuPont**

3

        In recent years, the United States Supreme Court, the U.S. Court of

4

Appeals for the Ninth Circuit, and federal courts in California have clarified and

5

confirmed the circumstances under which a court does—and does not—have

6

personal jurisdiction consistent with the Due Process Clause. *See, e.g.*, *Bristol-*

7

*Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1779–80

8

(2017) (finding no specific jurisdiction in California over defendant that did not

9

develop, create a marketing strategy for, manufacture, label, package, or work on

10

the regulatory approval of an allegedly harmful product in California); *Daimler*

11

*AG v. Bauman*, 571 U.S. 117, 122 (2014) (finding no general jurisdiction in

12

California over a foreign company that was not incorporated in and did not

13

maintain its principal place of business in California).[2] Applying that precedent,

14

this Court lacks personal jurisdiction over Corteva and New DuPont.

15

        Plaintiff has the burden of proving by a preponderance of the evidence that

16

jurisdiction exists. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800

17

(9th Cir. 2004). Personal jurisdiction has two subsets: general and specific.

18

*Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779–80.

19

        General jurisdiction may be exercised when the defendant has contacts

20

with the forum jurisdiction that are "so constant and pervasive 'as to render it

21

essentially at home in the forum State.'" *Daimler AG*, 571 U.S. at 122 (citation

22

omitted). But "only a limited set of affiliations with a forum will render a

23

defendant amenable to all-purpose [general] jurisdiction there." *Id.* at 137. With

24

respect to a corporation, the "paradig[m] . . . bases for general jurisdiction" are

25

its "place of incorporation and principal place of business." *Id.* (citation omitted);

26

27

---

28

[2] California's long-arm statute extends to the outer limits allowed by the Due Process Clause. *Daimler*, 571 U.S. 125. Therefore, the only question the Court needs to address is whether the exercise of personal jurisdiction would violate due process.

*PRINTED ON RECYCLED PAPER*

*Defendants Corteva, Inc. and Du Pont De Nemours, Inc.'s Motion to Dismiss*

1 *Ranza v. Nike, Inc*., 793 F.3d 1059, 1069 (9th Cir. 2015). "Those affiliations

2 have the virtue of being unique—that is, each ordinarily indicates only one

3 place—as well as easily ascertainable." *Daimler*, 571 U.S. at 137.

4      If the defendant does not have sufficient contacts to be at home in the

5 forum, the court may exercise specific jurisdiction only if "the defendant's suit-

6 related conduct . . . create[s] a substantial connection with the forum State."

7 *Axiom Foods, Inc. v. Acerchem Int'l, Inc*., 874 F.3d 1064, 1068 (9th Cir. 2017)

8 (citations omitted). "The *suit* must aris[e] out of or relat[e] to the defendant's

9 contacts with the forum." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (citation

10 omitted). "When there is no such connection [between the plaintiff's claims and

11 the defendant's contacts with the forum], specific jurisdiction is lacking

12 regardless of the extent of a defendant's unconnected activities in the State." *Id.*

13 at 1781.

14      **A.    This Court Lacks General Jurisdiction over Corteva and New**

15           **DuPont**

16      General jurisdiction may be exercised over a corporation in the state in

17 which it is incorporated or maintains its principal place of business. *See BNSF*

18 *Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017). But Plaintiff correctly alleges

19 that Corteva and New DuPont are both incorporated and have their principal

20 places of business in Delaware. (Compl. ¶¶ 17, 19); *see also* Ex. A (Aff. of

21 Robin Erlenbaugh) at ¶ 2–3); Ex. B (Aff. of Calissa Brown) at ¶ 2–3). To

22 establish general jurisdiction over these companies outside of Delaware, Plaintiff

23 must establish that Corteva and New DuPont have contacts with the forum that

24 are "so constant and pervasive as to render it essentially at home in the forum

25 State." *Daimler AG*, 571 U.S. at 122 (citation omitted). "The standard for general

26 jurisdiction 'is an exacting standard, as it should be, because a finding of general

27 jurisdiction permits a defendant to be haled into court in the forum state to

28 answer for any of its activities anywhere in the world.'" *Mavrix Photo, Inc. v.*

1  *Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011) (citing *Schwarzenegger*,
2  374 F.3d at 801).

3       Plaintiff has not pled *any* basis to support that Corteva or New DuPont are
4  subject to general jurisdiction in California. Indeed, the complaint does not
5  contain any specific allegations whatsoever about whether Corteva or New
6  DuPont ever engaged in any activity that was purposefully directed toward
7  California, much less that either company has the constant and pervasive contacts
8  necessary to render them "at home" in California. As the Supreme Court has
9  emphasized, it is an "exceptional case" where "a corporate defendant's
10 operations in another forum 'may be so substantial and of such a nature as to
11 render the corporation at home in that state.'" *BNSF Ry.*, 137 S. Ct. at 1558
12 (citation omitted); *see also*, *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970,
13 980 (N.D. Cal. 2016) (holding that Plaintiffs' allegation that CVS Health has a
14 substantial number of pharmacies, two distribution centers, and solicits
15 employees in California does not amount to general jurisdiction).

16      The closest the Plaintiff's complaint comes to identifying some specific
17 relationship between either of these companies and California is a passing
18 reference to Corteva being registered to do business in California. (Compl. ¶ 20.)
19 But that is insufficient to render Corteva "essentially at home" in California such
20 that general jurisdiction exists. *See, e.g.*, *AM Trust v. UBS AG*, 681 F. App'x 587,
21 588–89 (9th Cir. 2017) ("California does not require corporations to consent to
22 general personal jurisdiction in that state when they designate an agent for
23 service of process or register to do business."); *Bristol-Myers Squibb Co. v.*
24 *Super. Ct. of Cal., S.F. Cty.*, 1 Cal. 5th 783, 798 (2016), *overruled on other*
25 *grounds*, 137 S. Ct. 1773 (2017) (fact that a foreign corporation "registered to do
26 business in California and has maintained an agent for service of process here" is
27 "insufficient to permit general jurisdiction").
28

-11-        *PRINTED ON RECYCLED PAPER*
*Defendants Corteva, Inc. and Du Pont De Nemours, Inc.'s Motion to Dismiss*

In addition to Plaintiff's complaint failing to plead facts sufficient to establish general jurisdiction, Corteva and New DuPont attach affidavits to this motion that discredit any conclusory allegations that the Plaintiff does include. Unlike a Rule 12(b)(6) motion, "when considering jurisdictional issues" it is appropriate for the Court "to look beyond the pleadings to any evidence before the Court." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1082 (C.D. Cal. 2003) (citing *Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1019 (2d Cir. 1993)).

As explained in the attached affidavit, Corteva is incorporated in and maintains its principal place of business in Delaware. (Ex. A ¶ 2–3.) Corteva has zero employees, and thus none working in California. (*Id.* ¶ 4.) Corteva does not own or even rent any property outside of Delaware. (*Id.* ¶ 6.) Corteva does not maintain a telephone number or mailing address anywhere except Delaware. (*Id.* ¶ 7.) In sum, Corteva is a holding company that does not have constant and pervasive contacts anywhere other than Delaware.

Like Corteva, New DuPont is also incorporated in and maintains its principal place of business in Delaware. (Ex. B ¶ 2–3.) New DuPont also has zero employees and none working in California. (*Id.* ¶ 4.) New DuPont does not own or rent any property outside of Delaware. (*Id.* ¶ 6.) New DuPont does not maintain a telephone number or mailing address anywhere except Delaware. (*Id.* ¶ 7.) Like Corteva, New DuPont is a holding company that does not have constant and pervasive contacts anywhere other than Delaware.

Corteva and New DuPont simply do not have "constant and pervasive" contacts with California that make this an "exceptional case" where they could be deemed "at home" here. Therefore, this Court does not have general jurisdiction over Corteva or New DuPont.

PRINTED ON RECYCLED PAPER

**B.** **This Court Also Lacks Specific Jurisdiction over Corteva and New DuPont**

A Court may only exercise specific jurisdiction over a defendant when a lawsuit arises out of or relates "to the defendant's contacts with the forum." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (citation omitted). "When there is no such connection [between the plaintiff's claims and the defendant's contacts with the forum], specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781; *see also Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (holding that a plaintiff must, at a minimum, "show that he would not have suffered an injury 'but for' [the defendant's] forum-related conduct"); *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1151 (9th Cir. 2017) (applying "but for" test to analyze whether claim arises from or relates to the defendant's activities in the forum). Federal courts in California have consistently declined to exercise specific jurisdiction when the plaintiff does not prove a connection between the lawsuit and the defendant's contacts with the forum. *See, e.g.*, *Corcoran*, 169 F. Supp. 3d at 981 (holding that Plaintiff "utterly fail[ed]" to plead specific jurisdiction over parent company when it provided "no allegations or evidence to support an assertion that CVS Health had any 'direct involvement'" in the claims); *LegalForce RAPC Worldwide P.C. v. Glotrade*, Case No. 19-CV-01538-LHK, 2019 WL 5423463, at *5 (N.D. Cal. Oct. 23, 2019) (advertisement of services to California consumers is insufficient to establish personal jurisdiction where plaintiff's claims did not arise from those advertisements); *Voodoo SAS v. SayGames LLC*, Case No. 19-cv-07480-BLF, 2020 WL 3791657, at *7 (N.D. Cal. July 7, 2020) (no personal jurisdiction where plaintiff's allegations did not "speak to the issue of whether [defendant's] California-related activities caused harm to [plaintiff]").

As the Court in *Corcoran* found, Plaintiff here has "utterly failed" to plead any connection between Plaintiff's claims and *any* activity of Corteva or New

*PRINTED ON RECYCLED PAPER*

*Defendants Corteva, Inc. and Du Pont De Nemours, Inc.'s Motion to Dismiss*

DuPont. Nor could they have done so. Neither Corteva nor New DuPont existed at the time of the alleged acts that gave rise to these cases. Presumably, Plaintiff names Corteva and New DuPont because of their current or former connections to Historic DuPont. But as Plaintiff explains in its complaint, Historic DuPont phased out its use and manufacture of PFOA by 2015. (*Id.* ¶ 57.) Both Corteva and New DuPont were formed afterwards. So Corteva and New DuPont do not have any direct connection to the allegations in this case.

Corteva was not formed until March 2018. (Ex. A ¶ 5.) Corteva has never manufactured any PFAS products. (*Id.* ¶ 8.) New DuPont was formed originally as Diamond-Orion Holdco, Inc. on December 9, 2015. (Ex. B ¶ 5.) DowDuPont, Inc. changed its name to DuPont de Nemours, Inc. on June 1, 2019. (*Id.*) Since its formation in 2015, New DuPont has also never manufactured any PFAS products. (*Id.* ¶ 8.) Neither Corteva nor New DuPont has ever designed, developed, manufactured, released, arranged for disposal or treatment of, handled, and/or used any PFAS product. (Ex. A ¶ 8; Ex. B ¶ 8.) Simply put, Plaintiff does not and cannot allege that Corteva or New DuPont ever manufactured or sold any PFAS. They are just holding companies.

Plaintiff also cannot meet its burden of showing a connection between the claims in this case based on the use and manufacture of PFAS and Corteva's and New DuPont's contacts with California. In fact, Plaintiff does not even attempt to show a connection between these two Defendants' contacts with the forums and the claims of this case. Based on the facts, they cannot do so. Just like the defendant corporations at issue in *Corcoran v. CVS Health Corp.*, these holding companies have been named, presumably, because of their past or current connection to Historic DuPont. But that relationship does not create personal jurisdiction. *See* 169 F. Supp. 3d at 981. Therefore, this Court does not have specific jurisdiction over Corteva and New DuPont.

*Defendants Corteva, Inc. and Du Pont De Nemours, Inc.'s Motion to Dismiss*

1

**CONCLUSION**

2

3       For the reasons explained above, the Court lacks both general and specific

4   jurisdiction over Corteva and New DuPont. The Court should therefore grant this

5   Motion to Dismiss and dismiss each corporation for lack of personal jurisdiction.

6

7   DATED: November 20, 2020          Respectfully submitted,

8                                     MURPHY ROSEN LLP

9

10                                    By: /s/ Paul D. Murphy

11                                            Paul D. Murphy
                                              Nicole M. Ambrosetti
12                                            Murphy Rosen LLP
                                              100 Wilshire Boulevard, Suite 1300
13                                            Santa Monica, California 90401

14                                            John S. Phillips (*admitted pro hac
                                              vice*)
15                                            Katherine L. I. Hacker *(admitted
                                              pro hac vice*)
16                                            BARTLIT BECK LLP
                                              1801 Wewatta St., Suite 1200
17                                            Denver, CO 80202
                                              Telephone: (303) 592-3100
18                                            Facsimile: (303) 592-3140
                                              john.phillips@bartlit-beck.com
19                                            kat.hacker@bartlit-beck.com

20                                            Katharine A. Roin (*admitted pro
                                              hac vice*)
21                                            BARTLIT BECK LLP
                                              54 W. Hubbard St., Suite 300
22                                            Chicago, IL 60654
                                              Telephone: (312) 494-4473
23                                            Facsimile: (312) 494-4440
                                              kate.roin@bartlit-beck.com

24

25                                            *Attorneys for Defendants DuPont de
                                              Nemours, Inc, and Corteva, Inc.*

26

27

28

# Exhibit A

## AFFIDAVIT OF ROBIN ERLENBAUGH

I, Robin Erlenbaugh, hereby declare under penalty of perjury that the following is true and correct:

1.      I am the Assistant Secretary of Corteva, Inc. I have personal knowledge regarding the matters stated in this Affidavit. If sworn as a witness, I could and would testify competently to the facts stated in this Affidavit.

2.      Corteva, Inc. is a corporation organized under the laws of the State of Delaware.

3.      Corteva, Inc. maintains its principal place of business at 974 Centre Road, Building 735, Wilmington, Delaware 19805.

4.      Corteva, Inc. has zero employees.

5.      Corteva, Inc. was formed in March 2018.

6.      To the best of my knowledge based on a reasonable investigation, since its incorporation Corteva, Inc. has not owned, rented, or leased any real estate, including offices, factories, or warehouses outside of Delaware.

7.      To the best of my knowledge based on a reasonable investigation, since its incorporation Corteva, Inc. has not maintained a telephone number or mailing address anywhere except Delaware.

8.      To the best of my knowledge based on a reasonable investigation, since its incorporation Corteva, Inc. has not designed, developed, manufactured, released, arranged for disposal or treatment of, handled, and/or used per- or poly-fluoroalkyl substances ("PFAS") and/or PFAS-containing products.

9.      Corteva, Inc. does not consent to personal jurisdiction in any state other than Delaware.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on October 30, 2020.

Robin Erlenbaugh

SUBSCRIBED AND SWORN

On this 30 day of October , 2020


Notary Public in and for the State of Indiana

My Commission Expires: 3/13/24

SEAL
NOTARY PUBLIC INDIANA
JOHN DELOUGHERY
COMMISSION 678735
EXPIRES MARCH 13, 2024
HENDRICKS COUNTY

2

# Exhibit B

## AFFIDAVIT OF CALISSA BROWN

I, Calissa W. Brown, hereby declare under penalty of perjury that the following is true and correct:

1.      I am an Assistant Corporate Secretary of DuPont de Nemours, Inc. I have personal knowledge regarding the matters stated in this Affidavit. If sworn as a witness, I could and would testify competently to the facts stated in this Affidavit.

2.      DuPont de Nemours, Inc. is a corporation organized under the laws of the State of Delaware.

3.      DuPont de Nemours, Inc. maintains its principal place of business at 974 Centre Road, Wilmington, Delaware 19805.

4.      DuPont de Nemours, Inc. has zero employees.

5.      DuPont de Nemours, Inc. was formed in December 2015 under the name Diamond-Orion Holdco, Inc. and subsequently changed its name to  DowDuPont Inc.. DowDuPont Inc. changed its name to DuPont de Nemours, Inc. on June 1, 2019.

6.      To the best of my knowledge based on a reasonable investigation, since its incorporation DuPont de Nemours, Inc. has not owned, rented, or leased any real estate, including offices, factories, or warehouses outside of Delaware.

7.      To the best of my knowledge based on a reasonable investigation, DuPont de Nemours, Inc.'s telephone number and mailing address are located in Delaware.

8.      To the best of my knowledge based on a reasonable investigation, since its incorporation, the entity DuPont de Nemours, Inc. has not designed, developed, manufactured, released, arranged for disposal or treatment of, handled, and/or used per- or poly-fluoroalkyl substances ("PFAS") and/or PFAS-containing products.

9.      DuPont de Nemours, Inc. does not consent to personal jurisdiction in any state other than Delaware for purposes of this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2020.

_____
Calissa W. Brown

State of Delaware            )

                             ) ss:

County of New Castle         )

Sworn and subscribed before me, a notary public, this 20th day of November 2020.

_____
Marlene Zimmerman
Notary Public

MARLENE ZIMMERMAN
MY COMMISSION
EXPIRES
February 21, 2022
NOTARY PUBLIC
STATE OF DELAWARE

2

## <u>CERTIFICATE OF SERVICE - CM/ECF</u>

On **November 20, 2020**, I served the document(s) described as **DEFENDANTS CORTEVA, INC. AND DU PONT DE NEMOURS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FRCP RULE 12(B)(2); AFFIDAVITS OF ROBIN ERLENBAUGH AND CALISSA BROWN** on the interested parties in this action by electronically filling the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Executed on **November 20, 2020**, at Santa Monica, California.


**BRADY BORRAYO**

*CERTIFICATE OF SERVICE – MOTION TO DISMISS*

*PRINTED ON RECYCLED PAPER*