UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08897-SVW-AS | Date | 1/20/2021 |
|---|---|---|---|
| Title | *Golden State Water Co. v. 3M et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION [36, 37, 40]

## I.     Introduction

Before the Court are motions to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction filed by Defendants 3M, Inc., Corteva, Inc., Du Pont De Nemours, Inc., E.I. Du Pont De Nemours, Inc., and Chemours Company. Dkt. 36, 37, 40. For the reasons articulated below, the motions to dismiss are GRANTED with leave to amend.

## II.    Factual and Procedural Background

Plaintiff Golden State Water company owns and operates water systems throughout California. Dkt. 1 ("Compl.") ¶ 1. Plaintiff alleges that some of its water supply wells in Norwalk and South San Gabriel, California have been contaminated by a class of chemical compounds called per- and polyfluoroalkyl substances ("PFAS"). *Id.* Plaintiff alleges that exposure to PFAS is hazardous to human health, leading to problems with child development and fertility, and increasing the risk of certain cancers, among other conditions. *Id.* ¶ 36.

:
Initials of Preparer          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08897-SVW-AS | Date | 1/20/2021 |
|---|---|---|---|
| Title | *Golden State Water Co. v. 3M et al.* | | |

With little detail in their pleadings, Plaintiff seeks to attribute the contamination of their water systems to Defendants 3M and DuPont.[1]  Plaintiff alleges that Defendant 3M was the "primary manufacturer of PFAS chemistry in the United States."  *Id.* ¶ 48.  Without providing any detail or examples, Plaintiff claims that 3M marketed PFAS and shipped it to manufacturers, including DuPont, who incorporated it into their products.  *Id.* ¶¶ 48-53.

Plaintiff alleges that DuPont purchased PFAS chemicals from 3M as early as 1951 and incorporated it into household products including Teflon.  *Id.* ¶ 54.  DuPont later began manufacturing PFAS chemicals for themselves and allegedly continued to manufacture and sell products containing PFAS until 2015.  *Id.* ¶¶ 56-57.

Plaintiff's most direct allegation concerning Defendants' contacts with California is as follows:

> The Manufacturer Defendants were and/or should have been aware, knew and/or should have known, and/or foresaw and/or should have foreseen that their marketing, development, manufacture, distribution, release, training of users of, production of instructional materials about, sale and/or use of PFOS and/or PFOA containing materials, including in California, would result in the contamination of the groundwater that is the source of the Plaintiff's drinking water.

> FAC ¶ 47.

### III.   Legal Standard

A defendant may move to dismiss a complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  When such a motion is brought, the plaintiff bears the burden of demonstrating that a court is properly exercising personal jurisdiction over the defendant.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted).  "Although the plaintiff cannot

---

[1] Plaintiff has sued four different corporate entities which allegedly either share liability for DuPont's conduct or received fraudulent transfers.  Compl. ¶¶ 255-300.  For simplicity, the Court refers to all of these Defendants as "DuPont."  For reasons explained below, the Court does not need to distinguish at this stage among the different roles that the corporate entities play in this lawsuit or in DuPont's potential liability.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08897-SVW-AS | Date | 1/20/2021 |
|---|---|---|---|
| Title | *Golden State Water Co. v. 3M et al.* | | |

'simply rest on the bare allegations of its complaint,' … uncontroverted allegations in the complaint must be taken as true." *Id.* (citations omitted). "At the motion to dismiss stage, a plaintiff is generally required only to make out a prima facie showing of personal jurisdiction to overcome a 12(b)(2) motion." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (citation omitted).

Courts have drawn from the pleading standard in *Ashcroft v. Iqbal* in resolving motions to dismiss for lack of personal jurisdiction. *See Fiore v. Walden*, 688 F.3d 558, 575 (9th Cir. 2012), *rev'd on other grounds by Walden v. Fiore*, 571 U.S. 277 (2014); *see, e.g.*, *Kelly v. Primco Mgmt., Inc.*, 2015 WL 12655471, at *4 (C.D. Cal. 2015). Under this standard, courts will draw reasonable inferences from the pleadings in favor of the plaintiff but will not make "unreasonable or far-fetched inferences." *Fiore*, 688 F.3d at 575. "Mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz*, 476 F.3d at 766 (citations omitted).

### IV. Application

Defendants argue that Plaintiffs' complaint fails to plead facts sufficient to establish personal jurisdiction. The Court agrees.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden*, 571 U.S. at 283 (citation omitted). Because California's long-arm statute extends jurisdiction to the limit of the Due Process clause, the jurisdictional analyses under state and federal law are the same. *See Schwarzenegger*, 374 F.3d at 800-01; *see also* Cal. Civ. Proc. Code § 410.10.

The Supreme Court has distinguished between two kinds of relationships between a defendant and a forum state that would subject the defendant to personal jurisdiction in courts of that state – general jurisdiction and specific jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). The Court addresses each in turn.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08897-SVW-AS | Date | 1/20/2021 |
|---|---|---|---|
| Title | *Golden State Water Co. v. 3M et al.* | | |

a.  **General Jurisdiction**

A court has general jurisdiction over a corporation if its "affiliations with the [forum] State are so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Daimler*, 571 U.S. at 139 (citation omitted). A court with general jurisdiction over a defendant may hear any claims against that defendant. *Id.* at 127.

"The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (citation omitted). Only in an "exceptional case" will another state have general jurisdiction over a defendant. *Id.*

Plaintiffs do not allege that California is the place of incorporation or principal place of business of any of the Defendants. 3M is a Delaware corporation with its principal place of business in Minnesota. Compl. ¶ 11. E.I. du Pont de Nemours and Company is a Delaware corporation with its principal place of business in Delaware. *Id.* ¶ 13. Chemours is a Delaware corporation with its principal place of business in Delaware. *Id.* ¶ 15. DuPont de Nemours, Inc. is a Delaware corporation with its principal place of business in Delaware. *Id.* ¶ 17. Corteva, Inc. is a Delaware corporation with its principal place of business in Delaware. ¶ 19.

Plaintiffs have made no argument suggesting that this is an exceptional case warranting a departure from the ordinary limitations on general jurisdiction.

Therefore, the Court concludes that it lacks general jurisdiction over any of the Defendants.

b.  **Specific Jurisdiction**

To exercise specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum state." *Walden*, 571 U.S. at 284. The Ninth Circuit applies a three-prong test to determine whether it may exercise specific jurisdiction over a defendant on a particular claim. First, the defendant must either "purposefully direct" its activities toward the forum or "purposefully avail" itself of the privileges of the forum. Second, the claim must arise out of the defendant's forum-related

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08897-SVW-AS | Date | 1/20/2021 |
|---|---|---|---|
| Title | *Golden State Water Co. v. 3M et al.* | | |

activities. Third, the exercise of jurisdiction must be reasonable. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (citation omitted). The plaintiff bears the burden on and must satisfy the first two prongs to establish specific personal jurisdiction. *See Schwarzenegger*, 374 F.3d at 802 (citation omitted).

The Court confines its discussion to the second prong. As to this prong, the Ninth Circuit requires plaintiffs to show "that they would not have suffered an injury 'but for' [the defendant's] forum related conduct." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001) (citation omitted).

Here, Plaintiff's pleadings fall far short of this requirement. In conclusory fashion, Plaintiff alleges that both 3M and DuPont engaged in "marketing, development, manufacture, distribution, release, training of users of, production of instructional materials about, sale and/or use of [PFAS]-containing materials, including in California." Compl. ¶ 47. Plaintiffs plead essentially these same conclusory allegations in other parts of the complaint, without any additional details. *See*, *e.g.*, *id.* ¶¶ 48-57; 218-25.

The Court cannot draw a reasonable inference from these generic allegations that Plaintiff's suit arises from Defendants' forum-related contacts. Plaintiff has alleged no facts whatsoever about Defendants' forum-related conduct. *See Swartz*, 476 F.3d at 766 ("Mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific allegations will not satisfy a plaintiff's pleading burden." (citations omitted)). Instead, Plaintiff pleads only conclusions, which can be disregarded on a motion to dismiss. *See Fiore v. Walden*, 688 F.3d at 575 (drawing from *Iqbal* pleading standard); *Iqbal*, 556 U.S. at 680-81 (conclusory allegations are not entitled to the presumption of truth). Because the allegations are so conclusory, the Court lacks any basis to analyze the connection between Defendants' forum contacts and Plaintiff's claim. Between a handful of verbs characterizing business activities and the contamination of Plaintiff's specific wells, the complaint simply leaves a void.

Because Plaintiff has not properly alleged "suit-related conduct" constituting a "substantial connection with the forum state," *Walden*, 571 U.S. at 284, the complaint fails to establish specific personal jurisdiction over Defendants.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08897-SVW-AS | Date | 1/20/2021 |
| Title | *Golden State Water Co. v. 3M et al.* | | |

    **c. DuPont Entities**

    Much of the briefing is consumed by arguments about whether the court has personal jurisdiction over the various DuPont-related entities named in Plaintiff's complaint based on successor liability or fraudulent transfer liability. *See*, *e.g.*, Dkt. 57, at 15-22; Dkt. 58, at 18-20. However, the Court does not need to reach these issues. To the extent Plaintiff has failed to plead any facts connecting DuPont's PFAS activities with the contamination of their wells, personal jurisdiction is inappropriate over successors to DuPont's PFAS liabilities or transferees of assets that could be attached by hypothetical creditors possessing judgments for those liabilities.

**V.    Conclusion**

    For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss for lack of personal jurisdiction with leave to amend.[2]

    IT IS SO ORDERED.

---

[2] Plaintiffs briefly argue that they are entitled to jurisdictional discovery. Dkt. 57, at 23-24. Any request for discovery should be made by filing a proper motion with the Court.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |